AMERICAN INS. CO. *v.* ROBERTSON.

5-3586 389 S. W. 2d 880

Opinion delivered May 17, 1965.

*Griffin Smith,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

SAM ROBINSON, Associate Justice. In May, 1961, appellee, Lillian B. Robertson, and her husband, purchased a house and lot from A. E. Hudspeth and his wife, Velma Hudspeth. Waldrop Realty Company acted as agent for the sellers. On October 22, 1961, appellee's husband died. Harold W. Strangways, who was connected with Waldrop Realty Company as manager, induced Mrs. Robertson to reconvey the property to the Hudspeths, promising that on execution and delivery of the deed he would pay to her the sum of $1,000. On November 28, 1961, Mrs. Robertson executed the deed and delivered it to Strangways. He did not pay her the $1,000 as promised.

Later, in an attempt to collect the $1,000, Mrs. Robertson filed this suit naming as defendants Waldrop Realty Company, Inc., Harold Strangways, and American Insurance Company, the surety on Strangways statutory bond. A jury was waived and the matter was tried before the court. There was a judgment for $1,000 in favor of Mrs. Robertson against all three defendants. Only the American Insurance Company has appealed.

Appellant's sole contention is that its principal, Harold Strangways, was acting only as an agent of Waldrop Realty Company in dealing with Mrs. Robertson, and therefore, there is no personal liability on the part of Strangways and hence, none on the part of the surety.

According to the undisputed evidence, Strangways was a real estate broker. The appellant insurance company made the bond for Stephen L. Waldrop, Jr. and Harold W. Strangways, doing business as Waldrop Realty Company. There is substantial evidence that Strangways was acting in his capacity as a broker when he made the deal with Mrs. Robertson. The surety on his bond became liable thereon when he violated the provisions of Ark. Stat. Ann. § 71-1307 (Repl. 1957) by making a false promise to induce Mrs. Robertson to execute and deliver a deed to the property.

One of the purposes of the statute requiring real estate brokers to make a bond is to protect the public against the very kind of thing that occurred here. If the broker and his surety can avoid liability by hiding behind the skirts of a corporation, the bond would be useless and the statute would have no force and effect whatever.

Mrs. Lucille Hicks testified that she was working for the Waldrop Realty Company at the time of the transaction with Mrs. Robertson, and it was her understanding that Strangways was a partner with Steve Waldrop; that Strangways promised Mrs. Robertson $1,000 upon the execution of the deed, but when Mrs. Robertson signed it he stated he would first have to look it over before paying her the money; that he would pay her as soon as he returned from a home builders convention in Chicago, but he never did return; that Strangways was the broker she worked under. "I worked under Mr. Strangways. As a matter of fact, Mr. Strangways sponsored my license when I passed the State Board examination."

Mrs. Hicks further testified on cross-examination: Q: You knew this deal was a corporation deal? A: I did

462

not know this deal was a corporation deal. When I was sent out there to Mrs. Robertson's I was sent there by Mr. Harold Strangways and I told her just exactly what he sent me there to tell her.

Mrs. Robertson testified she made the deal with Strangways—no one else.

Affirmed.